UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID LOWRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5544** |
| **QBE SPECIALTY INSURANCE COMPANY** | **SECTION: "B"(2)** |

## ORDER AND REASONS

Before the Court are defendant QBE Specialty Insurance Company's motion for partial summary judgment (Rec. Doc. 21), plaintiff David Lowry's opposition (Rec. Doc. 24), and defendant's reply (Rec. Doc. 26). For the following reasons,

**IT IS ORDERED** that defendant's motion for partial summary judgment is **GRANTED IN PART**, in accordance with this Order. Plaintiff David Lowry shall amend his complaint to include the QBE Ida Policy **no later than May 8, 2024**. Failure to amend the complaint will lead to the dismissal of plaintiff's Hurricane Ida-related claims. Defendant QBE Specialty Insurance Company shall file its answer to the amended complaint **no later than May 22, 2024**.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Claiming property damage from both Hurricanes Zeta and Ida, Mr. Lowry filed his state court suit against QBE, alleging the insurer failed to adequately pay for covered losses. *See* Rec. Doc. 1-1 at 6–9. Mr. Lowry alleges the property damage from Hurricane Zeta occurred "[o]n or about October 28, 2020" and from Hurricane Ida "[o]n or about August 29, 2021[.]" *Id.* at 7–8 ¶¶ 8–11. Citing policy number QSN2014006, Mr. Lowry further contends that "[a]t all times relevant hereto, Defendant provided Plaintiff with a policy of insurance[.]" *Id.* at 7 ¶6.

Mr. Lowry avers that, despite his prompt notices of loss and QBE's inspections therefrom, his insurer provided payments that were "woefully inadequate to cover the costs to repair the

1

Residence and other structures[.]" *Id.* at 8–9 ¶¶12–13, 16. Invoking the policy's appraisal provision, Mr. Lowry alleges an award of $340,046.86 related to Hurricane Zeta and of $692,013.56 related to Hurricane Ida. *Id.* at 10–11 ¶¶25–26. Mr. Lowry raises actions of breach of insurance contract and good faith dealings pursuant to Louisiana Revised Statutes §§ 22:1892 and 1973. *Id.* at 12 ¶¶29–33. Mr. Lowry requests actual damages, statutory penalties, and attorney's fees and costs. *Id.* at 13–14 ¶¶37–39.

QBE timely removed the suit to federal court, asserting diversity jurisdiction of 28 U.S.C. § 1332(a). *See* Rec. Doc. 1 at 1–2. The case was placed in the Eastern District of Louisiana Court's Streamlined Settlement Program ("SSP"), in compliance with the Court's Case Management Order No. 1, *In re Hurricane Ida Claims*. *See* Rec. Doc. 5. However, mediation through the SSP was unsuccessful, as was a subsequent settlement conference before Magistrate Judge Currault. Rec. Docs. 8 and 11. QBE brings the instant motion for partial summary judgment, seeking judgment as to the Hurricane Ida-related claims. Rec. Doc. 21. Mr. Lowry opposes. Rec. Doc. 24.

## II.   LAW AND ANALYSIS

### A.   Motion for Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986). However, even if not accompanied by an affidavit, material in support or opposition of a motion for summary judgment may be considered as long as it is "*capable* of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting Fed. R. Civ. P. 56(c)(2)). Courts view all facts and evidence in the light most

favorable to the non-moving party, but "refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008).

Where the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Bargher v. White*, 928 F.3d 439, 444–45 (5th Cir. 2019). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir. 2002).

### B. Louisiana Insurance Claims

This insurance dispute was removed to federal court on the basis of diversity jurisdiction of 28 U.S.C. § 1332. *See* Rec. Doc. 1 at 2. "A federal court sitting in diversity applies the substantive law of the forum state, in this case Louisiana." *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014). Under Louisiana law, in a dispute over the interpretation of an insurance policy issued in the state, Louisiana substantive law controls. *See Lamar Advert. Co. v. Cont'l Cas. Co.*, 396 F.3d 654, 659 (5th Cir. 2005).

In Louisiana, "[a]n insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code." *Bonin v. Westport Ins. Corp.*, 2005-0886 (La. 5/17/06), 930 So. 2d 906, 910 (citation omitted). Further,

the policy "should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion." *Carrier v. Reliance Ins. Co.*, 1999-2573 (La. 4/11/00), 759 So. 2d 37, 43 (quotation and citation omitted). If the insured shows that coverage applies, then the insurer has the burden to prove an exclusion bars coverage. *See Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 359 (5th Cir. 2010) (citing *Doerr v. Mobil Oil Corp.*, 774 So. 2d 119, 123–24 (La. 2000)).

In Louisiana, a breach of contract is found where (1) an obligor has a performance due, (2) the obligor fails to perform the obligation, and (2) the failure to perform causes damages to the obligee. *See IberiaBank v. Broussard,* 907 F.3d 826, 835 (5th Cir. 2018) (quotation omitted). "To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002) (affirming dismissal for failure to state a claim for breach of contract). General, conclusory allegations that an insurer paid an insufficient amount or improperly applied policy provisions "are insufficient to state a plausible breach of contract claim." *Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 355 (5th Cir. 2010).

On October 19, 2022, Mr. Lowry filed his state court petition against QBE. *See* Rec. Doc. 1-1 at 6. Alleging under-compensated and statutorily tardy coverage for Hurricanes Zeta and Ida property damage, Mr. Lowry solely cites policy number QSN2014006. That policy extended coverage from August 29, 2020 at 12:01 a.m. to August 29, 2021 at 12:01 a.m. Rec. Doc. 21-4 at 11 (emphasis in original) ("**POLICY PERIOD: EFFECTIVE FROM** 08/29/2020 **TO** 08/29/2021 **BOTH DAYS AT 12:01 A.M. LOCAL STANDARD TIME**")). During the nineteen months of this litigation, Mr. Lowry has never amended nor sought leave to amend his complaint.

4

In his opposition to the instant motion, Mr. Lowry acknowledges that Hurricane Ida made landfall near Port Fourchon, Louisiana on August 29, 2021. Rec. Doc. 24 at 2. He does not contend that damage to his property occurred prior to landfall—and within the applicable coverage from policy number QSN2014006. Instead, Mr. Lowry argues a second policy applied to the Hurricane Ida damage: "QBE Specialty Insurance Company issued policy number QSN2014007, effective from August 29, 2021 to August 29, 2022, to named insureds David Lowry Jr. and Matthew Steen, (the 'QBE Ida Policy') covering the Insured Property against loss and damage caused by, among other perils, wind and hail." *Id.* In sum, policy number QSN2014006—cited in plaintiff's petition—insured the property at issue from August 29, 2020 to August 29, 2021, and policy number QSN2014007—not cited in plaintiff's petition—covered the property from August 29, 2021 to August 29, 2022. *Id.*

The QBE Ida Policy is not only absent from the complaint, but it is neither invoked in QBE's answer. *See* Rec. Doc. 6. Therein, QBE generally asserts the defense of failure to state a cause of action. *Id.* at 8 ¶40. In its memorandum for the instant motion for partial summary judgment, QBE bases its argument for dismissal of Hurricane Ida-related claims on Mr. Lowry's failure to plead a policy applicable at the time of damage. Rec. Doc. 21-1 at 1. QBE contends this failure to plead an applicable policy, in turn, leads to Mr. Lowry's failure to meet his burden of proving coverage. *Id.* at 2–4. In contrast, Mr. Lowry contends that QBE has acknowledged both insurance policies in its required disclosures pursuant to the Eastern District of Louisiana Court's Hurricane Ida Case Management Order:

> Defendant issued policy number QSN2014007, effective from August 29, 2021 to August 29, 2022, to named insureds David Lowry Jr. and Matthew Steen, (the "QBE Ida Policy"). Defendant also issued policy number QSN2014006, effective from August 29, 2020 to August 29, 2021, to named insureds David Lowry Jr. and Matthew Steen, (the "QBE Zeta Policy") (sometimes collectively referred to as the "QBE Policies").

5

Rec. Doc. 24 at 3–4, 7 (quoting Rec. Doc. 24-3 at 1 (QBE's disclosures, dated Feb. 3, 2023)).

QBE's disclosures are properly before the Court in this motion for partial summary judgment. *See* Fed. R. Civ. P. 56(c). The disclosures, however, are distinct from a pled cause of action. "The insured party bears the burden to prove the incident falls within the policy's terms." *McDonnel Grp., L.L.C. v. Starr Surplus Lines Ins. Co.*, 15 F.4th 343, 346 (5th Cir. 2021) (internal quotations omitted) (quoting *Doerr v. Mobil Oil Corp.*, 774 So. 2d 119, 124 (La. 2000)). More pointedly, the plaintiff "must allege a breach of a specific policy provision." *Louque*, 314 F.3d at 782; *Hibbets*, 377 F. App'x at 355.

The applicability of a policy is regularly contested through a motion to dismiss. *See, e.g., Louque*, 314 F.3d at 782 (affirming dismissal for failure to state a claim); *Hibbets*, 377 F. App'x at 356 (same); *JMC - Tran Properties v. Westchester Surplus Lines Ins. Co.*, No. 22-4727, 2023 WL 2527168, at *5 (E.D. La. Mar. 15, 2023) (granting plaintiff leave to file an amended complaint); *Travers v. Chubb Eur. Grp. SE*, No. 23-6152, 2024 WL 363346, at *3 (E.D. La. Jan. 31, 2024) (same). Where a motion for summary judgment leads to dismissal of a claim on such grounds, no genuine issue of material fact exists as to the existence of policy coverage. *See S. Fid. Ins. Co. v. Gomez*, No. 22-136, 2022 WL 3285014, at *3 (E.D. La. Aug. 11, 2022) (relevant policy and statutory language combine to preclude coverage for collision with golf cart); *Gates v. Autoliv ASP, Inc.*, No. 22-1727, 2023 WL 4825148, at *2 (E.D. La. July 27, 2023) (policy requirement of "an independent and disinterested witness" to damage absent in the record).

Mr. Lowry has not pled coverage applicable to his Hurricane Ida-related claims. With no applicable policy pled, Mr. Lowry cannot meet his burden to establish a particular provision breached. QBE's acknowledgement of another, subsequent policy does not thereby cure the pleading deficiency.

### C. Amendment of Complaint

Distinct from the more lenient measure in Federal Rule of Civil Procedure 15(a), "Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). Here, six months ago, the Court issued a scheduling order, with a bench trial set for July 22, 2024. Rec. Doc. 14. Even without a motion from a party, a court may *sua sponte* consider the propriety of complaint amendment. *See Casas v. Aduddell*, 404 F. App'x 879, 882 (5th Cir. 2010). Where Rule 16 applies, modification is appropriate only if good cause is shown. Fed. R. Civ. P. 16(b)(4). "Four factors are considered in determining whether a motion under Rule 16(b)(4) should be granted: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016) (quotation cleaned up) (quoting *S&W Enterprises, L.L.C.*, 315 F.3d at 536). A district court has "broad discretion" whether to grant such amendment. *S&W Enterprises, L.L.C.*, 315 F.3d at 535.

In such a protracted litigation, the first factor weighs heavily against amendment. Mr. Lowry provides no indication why he omitted the contractual basis for the Hurricane Ida-half of his claims. Moreover, nothing in the Hurricane Ida Case Management Orders prohibits complaint amendment. *See* Rec. Docs. 5, 9, and 10.

Nonetheless, the first factor stands alone, with the other factors combining to overwhelm it. Without amendment, Mr. Lowry's Hurricane Ida-related claims would be forfeited, showing the importance of an amendment with a plaintiff who filed claims within a statutorily set time period that has now run. *Compare* La. Rev. Stat. § 22:868(B) (setting twenty-four months as the

minimal, contractually agreeable period for filing of an insurance suit); Rec. Doc. 21-4 at 28 ¶H ("No action can be brought against us unless . . . the action is started within two years after the date of loss."); *see also Gulf Coast Bank & Tr. Co. v. Agent All. Ins. Co.*, No. 22-44, 2023 WL 9059580, at *5 (M.D. La. Dec. 8, 2023) (noting that, as personal actions, insurance suits are subject to a ten-prescriptive period but can be limited by parties' agreement in compliance with La. Rev. Stat. § 22:868(B)). Further, as depositions and other discovery are still pending, *see* Rec. Docs. 14 and 22, the resolution of this issue will further the litigation without the need for a continuance at this moment.

Crucially, potential prejudice to QBE appears slight. Although QBE argues placing the QBE Ida Policy in this litigation would result in its being "punished," the Court observes differently. *See* Rec. Doc. 26 at 5. Not only was QBE aware of the QBE Ida Policy, but it also acknowledged it within its overall litigation defense: "Defendant issued policy number QSN2014007, effective from August 29, 2021 to August 29, 2022, to named insureds David Lowry Jr. and Matthew Steen, (the 'QBE Ida Policy')." Rec. Doc. 24-3 at 1 (QBE's disclosures). In these disclosures, QBE did not question the applicability of the QBE Ida Policy to Mr. Lowry's Hurricane Ida-related claims. Instead, QBE argued for policy exclusions: "Coverage is disputed to the extent that the following exclusions contained in the QBE Policies apply to Plaintiff's claims and purported losses[.]" *Id.* at 1–2. An insurer must establish a policy exclusion only after the insured shows coverage applies. *See Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 359 (5th Cir. 2010) (citing *Doerr v. Mobil Oil Corp.*, 774 So. 2d 119, 123–24 (La. 2000)). Accordingly, in this litigation, QBE acknowledges the QBE Ida Policy applies. *Id.* at 1. QBE also admits various payments to Mr. Lowry "under Plaintiff's Hurricane Ida claim." Rec. Doc. 24-3 at 5. These tenders indicate QBE is aware of and has carefully investigated the claims under the QBE Ida Policy.

Thus, QBE is not prejudiced by a limited amendment to add the number of a policy already contested in this litigation. Good cause exists for a limited amendment of the complaint.

New Orleans, Louisiana, this 24th day of April, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE