UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID LOWRY | * | CIVIL ACTION |
| VERSUS | * | NO. 22-5544 |
| QBE SPECIALTY INSURANCE COMPANY | * | SECTION "B" (2) |

**ORDER AND REASONS**

Pending before me is Defendant QBE Specialty Insurance Company's Motion to Quash Subpoena and Notice of Records Deposition issued by Plaintiff.  ECF No. 22.  Plaintiff David Lowry timely filed an Opposition Memorandum and QBE filed a Reply Memorandum.  ECF Nos. 25, 27.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion to Quash (ECF No. 22) is DENIED for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff David Lowry filed suit to recover contractual and extra-contractual damages from Defendant QBE Specialty Insurance Company.  Plaintiff identifies QBE's policy of insurance as policy number QSN2014006.  ECF No. 1-1 ¶ 6.  Plaintiff alleges that QBE's policy provided coverage for his home at 704 Fairfield Avenue in Gretna when Hurricanes Zeta and Ida struck on October 28, 2020 and August 29, 2021, respectively.  *Id*. ¶¶ 5-9.  The parties invoked appraisal after each loss.  *Id.* ¶¶ 25, 26.

On March 21, 2024, Plaintiff gave notice that he was issuing subpoenas duces tecum to EFI Global, Inc., MKA International, Inc. and CRU Group seeking documents regarding policy

1

number QSN2014007.  *See, e.g.,*  ECF No. 22-3 at 1.  QBE now moves to quash the subpoenas on the grounds of relevance because the information sought relates to a different insurance policy, not Plaintiff's policy at issue in this case.  ECF No. 22, No. 22-1.  Because the documents do not relate to the policy at issue, movant also argues undue burden and proportionality.  ECF No. 22-2 at 2-3.

In Opposition, Plaintiff argues that QBE issued policy number QSN2014006, effective August 29, 2020 to August 29, 2021, to David Lowry Jr. and Matthew Steen, which provided coverage during Hurricane Zeta, and QSN2014007, effective August 29, 2021 to August 29, 2022, to David Lowry Jr. and Matthew Steen, which provided coverage during Hurricane Ida.  ECF No. 25 at 1-2.  In its mandatory Hurricane Ida CMO disclosures regarding coverage disputes, QBE acknowledged that it issued both policies for the specified periods.  *Id*. at 3.  Plaintiff contends that discovery has enlarged the pleadings and provided sufficient notice to QBE that both policies are at issue in this proceeding.  *Id*. at 3-7.

In Reply, QBE contends that Plaintiffs' demand for recovery of damages is insufficient to place it on notice of the demand because Plaintiff did not specifically identify policy number QSN2014007 in the complaint and reiterates its relevance arguments.  ECF No. 27.

## II.     APPLICABLE LAW

### A.  Scope of Discovery

Rule 26 authorizes the parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

### B. Motion to Quash

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure. A non-party served with a subpoena duces tecum may object by sending written objections to the issuing party within 14 days of service or before the return date, whichever is earlier. FED. R. CIV. P. 45(d)(2)(B). If the non-party timely provides written objections, it has satisfied its obligations. The serving party may then file a Motion to Compel seeking compliance. FED. R. CIV. P. 45(d)(2)(B)(i).

Although governed in the first instance by Rule 45, non-party subpoenas are also subject to the parameters of Rule 26.[1] "Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45."[2] A subpoena may be quashed or modified if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."[3]

The person filing the motion to quash also bears the burden of proof to demonstrate that compliance would impose undue burden or expense.[4] To determine whether the subpoena presents an undue burden, the Fifth Circuit considers the following factors: (1) relevance of the information

---

[1] *In re Application of Time, Inc.*, No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999) (citations omitted), *aff'd,* 209 F.3d 719 (5th Cir. 2000).
[2] *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (citing FED. R. CIV. P. 45(d)(3); 26(c)(1)(D)), *aff'd*, No. 15-2867, 2016 WL 6518863 (E.D. La. Nov. 2, 2016).
[3] FED. R. CIV. P. 45(d)(3).
[4] *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citation omitted); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted) (finding party resisting discovery must show why each discovery request is not relevant or otherwise objectionable).

requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.[5]  "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation."[6]  "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party."[7]  Modification of a subpoena is generally preferable to quashing it outright.[8]

### C. **Standing**

Absent a personal right or privilege with respect to the subpoenaed materials, a party generally does not have standing to quash a subpoena duces tecum issued to a third party because the party is not in possession of the materials subpoenaed.[9]  Further, a party "cannot challenge a Rule 45 subpoena directed to a third party on the basis that . . . the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."[10]  Although a party does not have standing under Rule 45 to challenge burden or relevance in the absence of a personal right or

---

[5] *Wiwa*, 392 F.3d at 818 (internal citations omitted).
[6] *Id.* (citation omitted).
[7] *Id.* (citation omitted).
[8] *Id*; *Tiberi v. CIGNA, Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994); *see also Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 698 (D.C. Cir. 1996) ("[M]odification of a subpoena is generally preferred to outright quashing . . . .") (citation omitted).
[9] *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (citations omitted) (holding movants lacked standing because they were not in possession of the materials subpoenaed and had no personal right or privilege in the materials subpoenaed); *Black v. DMNO, LLC*, No. 16-02708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018) (same); *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45.") (citation omitted).
[10] *Salmon v. Waffle House, Inc*., No. 19-1349, 2020 WL 6708382, at *2 (E.D. La. Nov. 16, 2020) (citing *Frazier v. RadioShack Corp*., No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012)).

privilege with respect to the materials subpoenaed,[11] a party does have standing to challenge relevance under Rule 26(c).[12]

Under Rule 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way. FED. R. CIV. P. 26(c)(1)(D), (G). A district court may exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion.[13] The trial court enjoys wide discretion in setting the parameters of a protective order.[14]

### III.  ANALYSIS

Movant lacks standing to quash the subpoenas duces tecum issued to three non-parties object on the basis of relevance or burden. To the extent the motion to quash may be considered a request for protective order under Rule 26(c), movant has not carried its burden. Although Plaintiff's petition mistakenly cites only policy number QSN2014006, effective August 29, 2020 to August 29, 2021, and omits any specific reference to policy number QSN2014007, effective

---

[11] *Bounds*, 314 F.R.D. at 218 ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45.") (citation omitted); *Black,* 2018 WL 488991, at *2 ("[I]n order to challenge the subpoena, the movant must be: in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena.") (citation omitted); *see also Brown*, 595 F.2d at 967 (ruling movants lacked standing because they were not in possession of the materials subpoenaed and had no personal right or privilege in the materials subpoenaed) (citations omitted).

[12] *Bounds*, 314 F.R.D. at 218 ("Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena.") (citing *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005)).

[13] *Nguyen v. Excel Corp*., 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citations omitted).

[14] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

August 29, 2021 to August 29, 2022, there is no question that Plaintiff's petition sufficiently placed QBE on notice that he was seeking to recover for property damages for both Hurricanes Zeta and Ida under QBE's policies.

Cognizant that Plaintiff originally filed suit in state court (and thus entitled to rely on the fact pleading provisions of the Louisiana Code of Civil Procedure) and further noting QBE's recognition and awareness that policy number QSN2014006 covered the August 29, 2020 to August 29, 2021 period and policy number QSN2014007 covered the August 29, 2021 to August 29, 2022, to ensure formal notice, Plaintiff should amend his pleading to specify both applicable policy numbers to avoid any potential future concerns. Amendment to correctly identify both policy numbers is proper.[15]

Given the status of this case and QBE's prior disclosure and acknowledgement as to the two applicable policies governing Plaintiff's home during Hurricanes Zeta and Ida, including the exchange of information regarding both policies, movant has not demonstrated good cause for a protective order.

## IV.   **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Quash is DENIED.

New Orleans, Louisiana, this ___24th___ day of April, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[15] *See, e.g., Henderson v. U.S. Fid. & Guar. Co.*, 620 F.2d 530, 534 (5th Cir. 1980) (affirming district court's decision allowing amendment to correct policy number).